Michael H. Haas Sheridan County Attorney P.O. Box 407 Hoxie, Kansas 67740
Dear Mr. Haas:
As the county attorney for Sheridan County, you request our opinion as to whether a rural fire department is a municipality under K.S.A. 10-1101et seq and as such is subject to the cash-basis law. Also, you request our opinion concerning whether a rural fire department may enter into an installment contract lease/purchase arrangement to purchase a building with payments to be made over a period of time without violating the cash-basis law.
Based on the information included in your correspondence, the Sheridan rural fire department is organized under K.S.A. 19-3601 et seq. K.S.A.19-3601 provides, ". . .the board of county commissioners of the county shall be and constitute the governing body of each fire district within the county." The powers of the governing body are specified in K.S.A. 1992 Supp. 19-3601a which provides:
 "Upon the creation of a fire district under the provisions of K.S.A. 19-3601 et seq ., and amendments thereto, the governing body shall have the authority to:
(a) Enter contracts;
(b) acquire and dispose of real and personal property;
 (c) acquire, construct, reconstruct, equip, operate, maintain and furnish buildings to house fire fighting equipment;
 (d) acquire, operate and maintain fire fighting equipment;
(e) issue bonds as provided in this act;
 (f) pay compensation and salaries to fire district employees;
(g) exercise eminent domain;
 (h) pay the opration and maintenance expenses of the fire district and any other expenses legally incurred by the fire district; and
 (i) do all other things necessary to effectuate the purposes of this act."
The county commissioners may vest this power in a board of trustees under K.S.A. 19-3612a which provides:
 "Whenever a fire district has been established under the provisions of K.S.A. 19-3601 to 19-3606, both sections inclusive, and the county commissioners determine, by resolution, that it is to the best interests of the county to place the supervision of such fire district under a fire district board of trustees, the said commissioners may appoint a board of not less than three (3) members and not more than nine (9) members, composed of persons other than the board of county commissioners, who shall serve at the pleasure of the commission. The board so established may be vested with all of the powers theretofore vested in the county commissioners, or such supervisory powers as the commissioners may, by resolution, delegate, and the board so appointed may exercise all powers so delegated." (Emphasis added).
In your correspondence with this office, you indicate that the Sheridan county commissioners placed supervision of the rural fire department under a fire district board of trustees. However, your letter did not specify how much of the governing body's authority the commissioners vested in the board of trustees as the governing body of the fire district. Depending on the powers delegated, either the county commission or the board of trustees is statutorily authorized to "acquire, construct, reconstruct, equip, operate, maintain and furnish buildings to house fire fighting equipment." You indicate that under that authority, the Sheridan County fire department wanted to enter into a lease/purchase arrangement on a building leased by the fire department and purchase it through an eight year payback plan.
If the board of trustees of the fire district is vested with authority to acquire a building, the first issue that must be addressed in determining whether the fire department may purchase the building under the proposed plan is whether a rural fire district is a municipality under K.S.A. 10-1101 and as such is subject to the cash-basis law. K.S.A. 10-1101 provides:
 "Municipality shall be construed and held to mean county, township, city, municipal university, school district, community junior college, drainage district, and any other similar political subdivision or taxing district of the state." (emphasis added).
We stated in Attorney General Opinion No. 80-89, a fire district is a separate and distinct political or taxing subdivision of the state, vested with certain governmental powers as prescribed by the legislature, and therefore, "empowered to levy a tax, pursuant to K.S.A.19-3610. . . ."
We further stated:
 "Acting as the governing body of a fire district, the board of county commissioners conduct the business of the fire district, a separate and distinct political and taxing subdivision of the state, and as noted above, its authority therefore is not coextensive with its authority as the governing body of the county under K.S.A. 1979 Supp. 19-101a et seq."
The board of county commissioners as the fire district's governing body, under K.S.A. 1992 Supp. 19-3610, "each year shall levy an ad valorem tax on the taxable tangible property within each fire district in the county organized by virtue of this act as shall be required by the budget of each district." If the governing body is an appointed board of trustees that has been delegated this function, then the board of trustees is itself able to levy a tax and as such is a municipality under K.S.A. 10-1101 and is subject to the cash-basis law.
The second issue to be addressed is whether the rural fire department may enter into an installment contract lease/purchase agreement by which it would enter into a contract to purchase a building with payments to be made over a period of time, without violating the cash-basis law. K.S.A. 10-1112 provides: "Unless otherwise provided in this act, it shall be unlawful after May 1, 1933, for the governing body of any municipality to create any indebtedness in excess of the amount of funds actually on hand in the treasury of such municipality at the time for such purpose."
K.S.A. 10-1116b provides:
 "Nothing in the provisions of K.S.A. 10-1101 et seq., and amendments thereto, shall prohibit a municipality from entering into. . .(2) a lease agreement, without an option to buy, or (3) a lease-purchase agreement, if any of such agreements specifically state that the municipality is obligated only to pay periodic payments or monthly installments under the agreement as may lawfully be made from (a) funds budgeted and appropriated for that purpose during such municipality's current budget year or (b) funds made available from any lawfully operated revenue producing source. For the purpose of this act, a lease-purchase agreement shall include a lease with an option to buy or an installment-purchase agreement."
This office is not provided with the information regarding the details of the lease-purchase agreement. We, therefore, decline to comment on the propriety of the agreement under K.S.A. 10-1116b. A rural fire department is a municipality subject to the cash-basis law. It may enter into an installment contract lease/purchase arrangement whereby it would purchase a building through a payment plan if it follows the statutory guidelines of the cash-basis law in K.S.A. 10-1101 et seq.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
RTS:JLM:NKF:bas